1

2

3

4                       UNITED STATES DISTRICT COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6

7   MICHAEL GUNZENHAUSER,              Case No.  22-cv-03406-WHO

8               Plaintiff,

9         v.                           ORDER GRANTING IN PART AND
                                       DENYING IN PART MOTION TO
10  MERRICK B. GARLAND,                DISMISS

              Defendant.               Re: Dkt. No. 21
11

12

13         In this federal civil rights action, Plaintiff Michael Gunzenhauser claims that his former

14  employer engaged in disability discrimination and retaliation by not selecting him for a promotion,

15  thereby violating his rights under the Rehabilitation Act of 1973.  Defendant moves to dismiss

16  both claims.  Because Gunzenhauser plausibly alleges a claim for discrimination, but concedes his

17  retaliation claim is subsumed by a pending administrative class action, the motion to dismiss is

18  GRANTED in part and DENIED in part.

19                                 **BACKGROUND**

20  **I.      FACTUAL BACKGROUND**

21         Gunzenhauser is a former employee of defendant Bureau of Prisons ("BOP").  He filed this

22  action alleging that his former employer did not select him for a promotion because of his

23  disability and as retaliation for previously filing a complaint with the Equal Employment

24  Opportunity Commission ("EEOC").  The following factual allegations are taken from the First

25  Amended Complaint.  ("FAC") [Dkt. No. 18].

26         Gunzenhauser began working for the BOP in 1993.  *Id.* ¶ 16.  During his tenure he held a

27  number of positions, including Education Specialist, Assistant Supervisor of Education, and

28  Acting Regional Education Administrator ("REA").  *Id.* ¶ 16.  His supervisors in those positions

1  included Mary Mitchell from 2005 to 2008, *id.* ¶ 19, Joseph Moorhead from about November

2  2011 until June 2013, *id.* ¶¶ 20, 28, 30, and most recently LoAnne Tran from about June 2013

3  through 2015, *id.* ¶¶ 27, 29.

4        In 2002, Gunzenhauser was diagnosed with rectal/colon cancer.  *Id.* ¶ 17.  He missed

5  nearly a year of work to receive treatment and now, for the rest of his life, Gunzenhauser must

6  wear a colostomy bag and irrigate it multiple times per day.  *Id.*  Gunzenhauser alleges that

7  Mitchell "was acutely aware" of his diagnosis because she was his supervisor during many of his

8  subsequent surgeries.  *Id.* ¶¶ 18-19.

9        Gunzenhauser held the role of Acting REA for 18 months, until the position was abolished

10  in June 2013.  *Id.* ¶¶ 16, 20.  The position was reestablished in 2015 and Gunzenhauser alleges

11  that it was identical to the position that he had previously held.  *Id.* ¶¶ 20-21.  He applied, along

12  with seven other applicants.  *Id.* ¶ 25.  His then-"first-line supervisor" Tran also applied.  *Id.* ¶¶ 26,

13  29.  His former supervisor, Mitchell, was the selecting official.  *Id.* ¶¶ 18, 22.

14        Mitchell removed six of the original applicants from consideration, including Tran, leaving

15  Gunzenhauser and one other applicant.  *Id.* ¶ 26.  Mitchell then directed that a second reference

16  check be done for both finalists.  *Id.* ¶ 27.  Gunzenhauser alleges that Mitchell had a stated policy

17  of obtaining references from an applicant's first-line supervisor.  *Id.* ¶ 29.  However, rather than

18  obtaining a reference from his supervisor, Tran, who had also applied to the REA role, Mitchell

19  instead obtained Gunzenhauser's second reference check from Moorhead, who had been

20  Gunzenhauser's "direct line supervisor" while Gunzenhauser was Acting REA.  *Id.* ¶¶ 29-30.

21  Gunzenhauser states that when Moorhead provided the reference, they had not worked together for

22  over two years.  *Id.* ¶ 32.

23        Gunzenhauser alleges that Moorhead conducted performance reviews while Gunzenhauser

24  held the Acting REA position and gave "excellent" ratings, but that the reference Moorhead gave

25  to Mitchell contained false information, which Gunzenhauser says Moorhead later admitted to

26  under oath.  *Id.* ¶¶ 31-33.  He also alleges that Moorhead provided no reason for this

27  inconsistency.  *Id.* ¶ 33.  The FAC does not describe the substance of Moorhead's reference but

28  implies that it was less than satisfactory.  *See id.*  ¶ 32.

2

1   From October 2015 until sometime after January 2016, around the same time as the

2   application process for the vacant REA position, Gunzenhauser was also engaged in ongoing

3   settlement discussions with the BOP regarding a separate EEOC complaint of disability

4   discrimination that he had filed in 2013. *Id.* ¶¶ 54-60. Gunzenhauser alleges that Mitchell was

5   directly involved in these discussions, and he says that the discussions contemplated awarding him

6   the vacant REA position. *Id.* ¶¶ 57-58. He further alleges that the decision to award him the

7   vacant position as part of the settlement could not have been made without Mitchell's approval.

8   *Id.* ¶ 58.

9   On January 14, 2016, the BOP notified Gunzenhauser that he had not been selected for the

10   REA position. *Id.* ¶ 34. He states that a less qualified and less experienced individual was

11   selected for the position. *Id.* ¶ 35. Gunzenhauser alleges that the selectee received an "Average"

12   rating for "Leadership Skills" on his first reference and an "Above Average" rating on his second

13   reference, while Gunzenhauser received an "Above Average" rating on both references. *Id.* ¶ 37.

14   Gunzenhauser does not say whether the BOP provided a basis for his non-selection.

15   **II.      PROCEDURAL BACKGROUND**

16   Following notification of his non-selection for the REA position, Gunzenhauser filed a

17   complaint with the EEOC on March 14, 2016, alleging the non-selection was due to disability

18   discrimination and retaliation for previously filing a complaint with the EEOC.[1] FAC Ex. A

19   ("EEOC Complaint").

20   On February 4, 2020, an administrative law judge ("ALJ") ruled against Gunzenhauser on

21   both claims and dismissed the complaint without a hearing. Def.'s Req. for Judicial Notice ("D.

22   RFJN") [Dkt. No. 21] Ex. A.[2]

23   On March 9, 2020, the Department of Justice ("DOJ") issued a Final Order accepting the

24   ALJ's decision to dismiss the claims. D. RFJN Ex. B. The DOJ also found that the ALJ had erred

25   in ruling on the retaliation claim because it was subsumed by the pending agency class action,

26

27   [1] This was in addition to his 2013 EEO discrimination complaint. *See* FAC ¶¶ 54-60.

28   [2] *See* discussion *infra* Section I (granting BOP's Request for Judicial Notice).

United States District Court
Northern District of California

1  *Turner v. Department of Justice*.[3]  D. RFJN at 30-31.  Accordingly, the DOJ held the retaliation

2  claim in abeyance.  *Id.*  Gunzenhauser says he was notified of this decision on March 12, 2020,

3  and appealed it on April 10, 2020.  FAC ¶¶ 10-11.

4       On November 15, 2021, the EEOC issued an order affirming the DOJ's decision.  D. RFJN

5  Ex. C.  On December 15, 2021, Gunzenhauser filed a request for reconsideration of the EEOC

6  decision.  Pl.'s Req. for Judicial Notice ("P. RFJN") [Dkt. No. 22] Ex. B.  The request was denied

7  on March 14, 2022, and the denial also contained a notice of Gunzenhauser's Right to File a Civil

8  Action.  FAC Ex. B.

9       Subsequently, on June 9, 2022, Gunzenhauser filed his initial complaint in this court, and

10  then filed a First Amended Complaint on November 21, 2022, alleging disability discrimination

11  and retaliation in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*

12  ("Rehabilitation Act").  [Dkt. No. 18].  The BOP filed this Motion to Dismiss.  ("Mot.") [Dkt. No.

13  21].  Gunzenhauser filed an opposition.  ("Oppo.") [Dkt. No. 22].  The BOP filed a reply.

14  ("Repl.") [Dkt. No. 23].  I held a hearing at which counsel for both parties appeared.

15  **LEGAL STANDARD**

16       Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint

17  if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to

18  dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

19  face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when

20  the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant

21  is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

22  omitted).  There must be "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

23  While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts

24  sufficient to "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555, 570.

25       In deciding whether the plaintiff has stated a claim upon which relief can be granted, the

27  [3] *Turner* involves a certified class of BOP employees who allege that, from January 1, 1994, to
May 11, 2022, they were denied promotions based on the BOP's practice of retaliating against
employees who engaged in protected Title VII EEO activities.  *See Turner Class Action*, Frequent
Asked Questions, www.turnerclass.com.

United States District Court
Northern District of California

court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation and quotation marks omitted). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

I.    **REQUESTS FOR JUDICIAL NOTICE**

The BOP requests judicial notice of three documents regarding Gunzenhauser's 2016 EEOC complaint: (1) the EEOC Decision Without Hearing and Order Entering Judgment, dated February 4, 2020; (2) the Transmittal of Final Order and Memorandum in Support of the Final Order of the DOJ, dated March 9, 2020; and (3) the Decision of the EEOC Office of Federal Operations, dated November 15, 2021. D. RFJN Exs. A-C. Gunzenhauser requests judicial notice of an email correspondence between himself and a BOP attorney, as well as three documents relating to his 2016 EEOC complaint: (1) deposition transcripts of Mitchell, Moorhead, and Louis Milusnic; (2) Gunzenhauser's Request for Reconsideration, dated December 15, 2021; and (3) Gunzenhauser's Objections to Agency Opposition, dated July 22, 2020. P. RFJN Exs. A-D. Neither party objects to these requests.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Bunkley v. Verber*, No. 17-CV-05797-WHO, 2018 WL 1242168, at *2 (N.D. Cal. Mar. 9, 2018) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). A district court may, however, consider "documents attached to the complaint,

1  documents incorporated by reference in the complaint, or matters of judicial notice" when ruling

2  on a Rule 12(b)(6) motion.  *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.

3  2003)).  A court may consider documents referred to in a complaint if the plaintiff's claim

4  "necessarily relies" on the documents and their authenticity is not in dispute.  *Coto Settlement v.*

5  *Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (citations omitted).  And, a court may take judicial

6  notice of matters of public record but not facts subject to reasonable dispute.  *United States v.*

7  *Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011); *see also Bunkley*, 2018 WL 1242168, at *2.

8  Public records include "records and reports of administrative bodies."  *Lacayo v. Donahoe*, No.

9  14-CV-04077-JSC, 2015 WL 993448, at *9 (N.D. Cal. Mar. 4, 2015) (citation omitted); *see also*

10  *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012).  "In the context of employment

11  discrimination cases in particular, it is well established that courts may consider the administrative

12  record of a plaintiff's claims before the EEOC as judicially noticeable matters of public record."

13  *Lacayo*, 2015 WL 993448, at *9 (citations omitted).

14       The documents that the BOP submitted are all records from Gunzenhauser's administrative

15  proceedings with the EEOC and so I take judicial notice of them.  *See id.*  Similarly, I may take

16  judicial notice of the Request for Reconsideration and Objection to Agency Opposition that

17  Gunzenhauser submitted as matters of public record.  *See id.*  Because the deposition testimony

18  transcript is part of the administrative record of Gunzenhauser's claim before the EEOC, I take

19  judicial notice of the transcript.  *See id.*  However, I only notice the existence of the administrative

20  proceedings and the agency's findings and do not take any fact asserted in the documents for its

21  truth.  *See id.* (taking judicial notice of documents from EEO administrative proceeding but "not

22  credit[ing] the truth of any fact recounted or matter asserted in the documents").

23       Additionally, I decline to take judicial notice of the email correspondence between

24  Gunzenhauser and Simon, as it is not specifically incorporated by the complaint, its authenticity is

25  subject to dispute, and it is not a matter of public record.  *Cf. Bunkley*, 2018 WL 1242168, at *2.

26  **II.    DISABILITY DISCRIMINATION UNDER THE REHABILITATION ACT**

27       Gunzenhauser's first claim is that the BOP violated the Rehabilitation Act by

28  discriminating against him because of his disability when it failed to select him for the REA

United States District Court
Northern District of California

6

United States District Court
Northern District of California

vacancy.  FAC ¶¶ 40-51.  Though Gunzenhauser does not specify in his complaint under which section of the Rehabilitation Act his discrimination claim is brought, the parties agreed at the hearing that the claim is brought under § 501.  *See Chand v. Regan*, No. 21-CV-07773-RS, 2022 WL 2390996, at *3 (N.D. Cal. July 1, 2022) (noting that § 501 "provides the exclusive remedy for federal employees alleging disability discrimination") (citing *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 413 (9th Cir. 1985)); *Johnston v. Horne*, 875 F.2d 1415, 1420 (9th Cir. 1989), *overruled on other grounds by Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89 (1990) (extending the principle from *Boyd* to all federal employees).  The parties also agreed at the hearing that Gunzenhauser's § 501 claim was for "non-affirmative action" or disparate treatment, not failure to accommodate.  *See Stewart v. United States*, No. C-99-4058-JCS, 2000 WL 1705657, at *4 (N.D. Cal. Oct. 10, 2000).

To state a claim for disparate treatment under § 501, "a plaintiff must demonstrate that (1) she is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of her disability."  *Chand*, 2022 WL 2390996, at *3 (quoting *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007), *superseded by statute on other grounds*).  Because § 501 claims are decided using the same standards as Title I of the ADA, *see* 29 U.S.C. § 791(f), Gunzenhauser must allege that his "disability was a but[-]for cause of the employment action alleged to be discriminatory[,]" *Chand*, 2022 WL 2390996, at *3 (citing *Murray v. Mayo Clinic*, 934 F.3d 1101, 1105 (9th Cir. 2019)); *see also Muto v. Cnty. of Mendocino*, No. 20-CV-06232-SK, 2022 WL 1320628, at *13 (N.D. Cal. May 3, 2022).[4]

"[A] plaintiff is not required to plead a prima facie case of discrimination or retaliation in order to survive a motion to dismiss, but courts still look to the elements of the prima facie case to decide, in light of judicial experience and common sense, whether the challenged complaint

---

[4] In their discussion of this standard, both parties cite exclusively to Title VII cases to argue whether Gunzenhauser plausibly alleges "evidence of direct discrimination" or "circumstantial evidence" that "give[s] rise to an inference of discrimination."  Mot. at 6:25-7:4; Oppo. at 2:2-7.  Both parties also rely heavily on *Liu v. Uber Technologies, Inc.*, 551 F. Supp. 3d 988, 990, 992 (N.D. Cal. 2021), another Title VII case.  However, unlike Title VII claims, ADA and Rehabilitation Act claims require the more demanding but-for causation standard.  *See Murray*, 934 F.3d at 1105; *see also Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 343 (2013); *Chand*, 2022 WL 2390996, at *3 (citations omitted).

1    contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its

2    face." *Mattioda v. Bridenstine*, No. 20-CV-03662-SVK, 2021 WL 75665, at *16 (N.D. Cal. Jan.

3    8, 2021) (citation and quotation marks omitted); *see also Ali v. PayPal, Inc.*, No. 19-cv-00093-

4    SVK, 2019 WL 11691431, at *6 (N.D. Cal. July 26, 2019), *aff'd*, 804 F. App'x 686 (9th Cir.

5    2020).   And at the motion to dismiss stage, Gunzenhauser need not show that the BOP's reasons

6    were a pretext for discrimination.  *See Chand*, 2022 WL 2390996, at *3 (discussing burden

7    shifting framework of § 501 disparate treatment claims).

8        First, Gunzenhauser has sufficiently pleaded, and the BOP does not dispute, that he is a

9    person with a qualifying disability.  *See* 29 C.F.R. § 1630.2(g) (providing the definition of

10   disability under the Rehabilitation Act).  Gunzenhauser specifically alleges that he has a disability

11   based on being a cancer survivor and his need to "wear a colostomy bag which must be irrigated

12   multiple times a day," FAC ¶¶ 17, 42-43, which meets the definition under the Rehabilitation Act.

13       Second, Gunzenhauser has plausibly alleged, and the BOP does not contest, that he is

14   "otherwise qualified for employment."  *Walton*, 492 F.3d at 1005.  A qualified individual is one

15   "who, with or without reasonable accommodation, can perform the essential functions of the

16   employment position that such individual holds or desires."  42 U.S.C. § 12111(8); *see also* 29

17   C.F.R. § 1630.2(m); *Chand*, 2022 WL 2390996, at *3.  Here, Gunzenhauser's pleadings meet this

18   standard by stating that he previously held the position of Acting REA, which he says is the same

19   position as the vacancy, and that he received "'excellent' ratings" and "strong performance

20   evaluations" from his supervisor.  FAC ¶¶ 20, 31.

21       Gunzenhauser has also plausibly alleged that he was not selected "because of" his

22   disability.  Several allegations stand out.  Gunzenhauser says that a less qualified individual

23   without a disability was selected for the position, specifically noting that unlike the selectee, he

24   held the Acting REA position for 18 months, received higher "leadership skills" ratings, and

25   participated in certain national programs to an equal or greater extent than the selectee.  *Id.* ¶¶ 35-

26   38; *see Mohsin v. Cal. Dep't of Water Res.*, No. 2:13-cv-01236, 2015 WL 7282904, at *6 (E.D.

27

28

United States District Court
Northern District of California

8

Cal. Nov. 18, 2015) (finding that the plaintiff met the pleading requirements for a § 504 claim[5] where he alleged, among other things, specific facts showing that a less qualified individual was selected for the position). Gunzenhauser also alleges that Mitchell was acutely aware of his disability and that when he worked for Mitchell, his disability caused him to miss periods of work to receive treatment. *Id.* ¶¶ 18-21. He also states that the decision to seek a second reference from Moorhead, rather than Tran, was a departure from department policy. *Id.* ¶ 47; *see also McCarthy v. Brennan*, No. 15-cv-03308-JSC, 2016 WL 946099, at *10 (N.D. Cal. Mar. 14, 2016) (considering deviation from established policy or practice to support an inference of discrimination in a Title VII case). Additionally, Gunzenhauser alleges that Moorhead's reference was inaccurate and a pretext for not selecting him. FAC ¶ 49. Finally, Gunzenhauser specifically pleads that he was not selected for the REA position "due to his disability[.]" *Id.* ¶ 46. Taken together, given that Mitchell and others knew about his disability, his disability caused him to miss work, and false reviews were allegedly submitted, Gunzenhauser's allegations that he was not chosen for the REA position because of his disability are certainly plausible.

The BOP's arguments—that Gunzenhauser has not adequately pleaded facts to support his claim and that his allegations about the selectee being less qualified are conclusory—are unpersuasive. For example, the BOP cites to *Lin v. Potter*, No. 10-cv-03757-LB, 2011 WL 1522382, at *12 (N.D. Cal. Apr. 21, 2011), but there the court noted that the plaintiff failed to plead any facts that would show that the selectee was less qualified for the position.[6] Here, Gunzenhauser alleges specific facts about his own qualifications—including that he previously held an identical position—that support a reasonable inference that a less qualified individual was selected. The BOP may disagree with Gunzenhauser's assessment of the selectee, but that is a

---

[5] It is unclear from the *Mohsin* order whether the § 504 claim was for retaliation or disparate treatment; although the court applies the test for a disparate treatment claim, the plaintiff alleged retaliation. 2015 WL 7282904, at *6.

[6] *Lin* is also a Title VII case and so a different standard for pleading a claim applies. Like *Lin*, the facts in *Knox v. Donahoe*, No. C-11-2596 EMC, 2012 WL 949030, at *7 (N.D. Cal. Mar. 20, 2012), *aff'd*, 540 F. App'x 811 (9th Cir. 2013), and *McCarthy*, 2016 WL 946099, *6, are distinguishable because in both cases the plaintiffs did not include allegations that a similarly situated individual outside of their protected class was treated more favorably.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  factual dispute more appropriate for a later stage of litigation.  For now, Gunzenhauser's pleadings

2  are sufficient.

3        Additionally, the BOP argues that Gunzenhauser's assertion that he was not selected

4  because of his disability is a "conclusory statement" and that he fails to allege any specific facts to

5  support his conclusion.  Mot. 9:7.  I disagree.  In *Robertson v. Contra Costa County*, No. 15-cv-

6  02549-WHO, 2016 WL 4259135, at *6 (N.D. Cal. Aug. 12, 2016), I denied a motion to dismiss

7  discrimination claims brought under § 504 of the Rehabilitation Act and ADA where the plaintiff

8  stated the allegedly discriminatory action was "because of his psychiatric disability" and alleged

9  that he specifically informed the defendant about his disability.  Though *Robertson* was outside

10  the employment context, it affirms that even alleging the decisionmaker was aware of the

11  plaintiff's disability can be sufficient to meet the but-for standard at the pleading stage.  *See id.*

12  Here, in addition to alleging that Mitchell was intimately familiar with his disability, FAC ¶¶ 18-

13  21, and that the choice was "because of" his disability, *id.* ¶ 46, Gunzenhauser also pleaded that

14  Mitchell deviated from past practice in seeking a reference from Moorhead, *id.* ¶ 47; that

15  Moorhead's reference was inaccurate, *id.* ¶ 49; Oppo. 4:1-8; and that a less qualified individual

16  was ultimately selected for the position, FAC ¶¶ 36-38.  Together, and as compared to the

17  sufficient but "thin" allegations in *Robertson*, these specific allegations are not conclusory and are

18  sufficient to state a claim for disability discrimination.

19        The BOP's remaining arguments essentially offer other, non-discriminatory explanations

20  for its actions.  The BOP asserts that the decision to seek a reference from Moorhead was

21  reasonable because Moorhead was Gunzenhauser's supervisor as Acting REA and his then-

22  supervisor Tran was also an applicant for the position, that Mitchell was not aware of the

23  differences in the candidates' qualifications, and that the selectee might have been more qualified

24  in other aspects.  Mot. 7:25-8:1; 8:14-17; 9:1-5.   But each of these arguments merely provides

25  non-discriminatory explanations for why an allegedly less qualified individual was selected, and at

26  the pleading stage, Gunzenhauser does not need to show that the BOP's proffered reasons are a

27  pretext for discrimination.  *See, e.g.*, *Chand*, 2022 WL 2390996, at *3; *see also Mattioda*, 2021

28  WL 75665, at *17.  And, even if these theories are equally plausible reasons for each action,

1    Gunzenhauser does not need to disprove all plausible explanations at this stage so long as *his*

2    theory is plausible.  *See Robertson*, 2016 WL 4259135, at *6.  As addressed above, it is.

3        Accepting these well-pleaded allegations as true, I conclude that Gunzenhauser has

4    plausibly alleged that he was not selected because of his disability.  The motion to dismiss the

5    discrimination claim is DENIED.

6    **III.    RETALIATION UNDER THE REHABILITATION ACT**

7        Gunzenhauser also asserts a claim under the Rehabilitation Act for retaliation.  The BOP

8    argues that this claim is "subsumed" within the *Turner* class action, which is apparently still

9    pending before the EEOC.  Mot. 10:2-3; Repl. 3:17-4:10.  Gunzenhauser conceded at oral

10   argument that his claim is subsumed and so properly held in abeyance by the ongoing EEOC

11   proceedings.  Based on this concession, the retaliation claim is DISMISSED without leave to

12   amend.  *See, e.g.*, *Gray v. Garland*, No. 4:19-CV-00147, 2022 WL 1138259, at *3 (S.D. Tex. Apr.

13   18, 2022) (finding retaliation claim could not proceed where plaintiff conceded that the claim was

14   subsumed by the *Turner* class action).

15                           **CONCLUSION**

16       For the foregoing reasons, the motion to dismiss is DENIED as to the discrimination claim.

17   Gunzenhauser's retaliation claims is DISMISSED without leave to amend.

18       **IT IS SO ORDERED.**

19   Dated: February 21, 2023

20

21   

22   _____
     William H. Orrick
     United States District Judge

23

24

25

26

27

28

United States District Court
Northern District of California